FILED
2009 Nov-30  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMC PROPERTY & CASUALTY COMPANY and EMCASCO INSURANCE COMPANY, | ) ) ) | |
| | ) | CIVIL ACTION NUMBER |
| Plaintiffs, | ) | |
| | ) | CV_____ |
| v. | ) | |
| | ) | |
| JOHN HAMILTON PERKINS, IV, BARRY MARKS, as Father of Leah Marks, a Deceased Minor, and DEBORAH W. SIMS, as Mother of Leah Marks, a Deceased Minor, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.    Plaintiff EMC Property & Casualty Company ("EMC") is an insurance company incorporated and organized under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

2.    Plaintiff EMCASCO Insurance Company ("EMCASCO") is an insurance company incorporated and organized under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

3.    Defendant John Hamilton Perkins, IV ("Perkins") is an individual resident of the state of Alabama and is over the age of nineteen (19) years.

4.    Defendant Barry Marks, as Father of Leah Marks, a Deceased Minor, is an individual resident of Jefferson County, Alabama and is over the age of

nineteen (19) years.

5.     Defendant Deborah W. Sims, as Mother of Leah Marks, a Deceased Minor, is an individual resident of Jefferson County, Alabama and is over the age of nineteen (19) years.

6.     On or about December 7, 2007, a vehicle owned and operated by Perkins was involved in a crash in Jefferson County, Alabama (the "incident").

7.     Leah Marks was a passenger in the vehicle and was injured.

8.     Leah Marks subsequently died as a result of her injuries.

9.     At the time of the incident, Leah Marks' mother, Deborah W. Sims, had a policy of automobile insurance issued by EMC, policy number 59C-03-33-08/01, which provided for underinsured motorist coverage benefits (the "EMC-Sims policy").  A copy of the EMC-Sims policy is attached hereto as Exhibit A.

10.     At the time of the incident, Leah Marks' father, Barry S. Marks, had a policy of automobile insurance issued by EMCASCO, policy number 62A-03-10-08/01, which provided for underinsured motorist coverage benefits (the "EMCASCO-Marks policy").  A copy of the EMCASCO-Marks policy is attached hereto as Exhibit B.

11.     Perkins, through his liability insurance company State Farm Mutual Automobile Insurance Company ("State Farm"), has offered the State Farm liability insurance policy limits of $100,000.00 to settle all claims against Perkins made on behalf of Leah Marks, in exchange for a release from liability for the

incident in favor of Perkins.

12.    EMC and EMCASCO are declining to consent to the aforementioned settlement and release.  Rather, EMC and EMCASCO are exercising their option of advancing $100,000.00 to Barry Marks, as father of Leah Marks, and Deborah Sims, as mother of Leah Marks, and preserving their subrogation rights against Perkins.

13.    EMC has also notified counsel for the parents of Leah Marks that it will pay to Barry Marks, as father of Leah Marks, and Deborah Sims, as mother of Leah Marks, the amount of $300,000.00, the underinsured motorist coverage limits of the EMC-Sims policy, in exchange for a release of EMC by and on behalf of the father and mother of Leah Marks for any and all claims against EMC arising out of or made pursuant to the EMC-Sims policy.

14.    EMCASCO contends that Leah Marks is not an insured under the terms of the EMCASCO-Marks policy and therefore no underinsured motorist coverage is available under that policy.

15.    The amount of underinsured motorist coverage at issue under the EMCASCO-Marks policy, which EMCASCO contends is not owed, is $200,000.00.

16.    The present amount of Plaintiffs' subrogation claim against Perkins is $400,000, consisting of the sum of the $100,000.00 State Farm coverage advanced by EMC to preserve EMC's subrogation rights, as well as the $300,000.00 that

EMC has agreed to pay to the parents of Leah Marks under the EMC-Sims policy. Said subrogation interest may be increased by up to an additional $200,000, depending on this Court's determination of what EMCASCO's obligations are under the EMCASCO-Marks policy and/or if there is any settlement under said EMCASCO-Marks policy.

17.    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

18.    As such, jurisdiction is predicated on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

### Count One – Subrogation/Negligence Claim against Perkins

19.    Plaintiffs adopt and re-allege herein each and every allegation of the preceding paragraphs.

20.    Perkins' negligence was the proximate cause of the incident and the injuries to and death of Leah Marks.

21.    Plaintiffs are subrogated to the rights and claims of the parents of Leah Marks against Perkins pursuant to the terms of the EMC-Sims policy and the EMC-Marks policy, and also by virtue of Plaintiffs' advancement of $100,000.00 and payment of an additional $300,000.00 in settlement. Plaintiffs' subrogation interest may also increase by up to an additional $200,000, depending on this Court's determination of what EMCASCO's obligations are under the

EMCASCO-Marks policy and/or if there is any settlement under said EMCASCO-Marks policy.

22.    Plaintiffs are entitled to a judgment against Perkins in the amount of their entire subrogation interest as described above.

WHEREFORE, Plaintiffs pray for a judgment against Perkins in the amount of their entire subrogation interest as described above, for interest thereon, for costs of this suit and for such other and further relief that the Court may deem just and proper.

### Count Two – Subrogation/Wantonness Claim against Perkins

23.    Plaintiffs adopt and re-allege herein each and every allegation of the preceding paragraphs.

24.    Perkins' wantonness was the proximate cause of the incident and the injuries to and death of Leah Marks.

25.    Plaintiffs are subrogated to the rights and claims of the parents of Leah Marks against Perkins pursuant to the terms of the EMC-Sims policy and the EMC-Marks policy, and also by virtue of Plaintiffs' advancement of $100,000.00 and payment of an additional $300,000.00 in settlement.  Plaintiffs' subrogation interest may also increase by up to an additional $200,000, depending on this Court's determination of what EMCASCO's obligations are under the EMCASCO-Marks policy and/or if there is any settlement under said EMCASCO-Marks policy.

26.    Plaintiffs are entitled to a judgment against Perkins in the amount of their entire subrogation interest as described above.

WHEREFORE, Plaintiffs pray for a judgment against Perkins in the amount of their entire subrogation interest as described above, for interest thereon, for costs of this suit and for such other and further relief that the Court may deem just and proper.

### Count Three – Declaratory Judgment Against the Estate of Leah Marks

27.    Plaintiffs adopt and re-allege herein each and every allegation of the preceding paragraphs.

28.    The EMCASCO-Marks policy issued to Barry S. Marks, the father of Leah Marks, defines an "Insured" as "you or any 'family member.'"  The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household.  This includes a ward or foster child."

29.    At the time of the incident made the basis of this action, Leah Marks was not a resident of Barry Marks' household.

30.    Leah Marks was not an "Insured" under the terms of the EMCASCO-Marks policy and is therefore not entitled to underinsured motorist coverage benefits under that policy.

31.    Based upon the foregoing facts and the attached EMCASCO-Marks policy, there presently exists a justiciable controversy as to whether underinsured

motorist coverage is available under the EMCASCO-Marks policy.

32.     EMCASCO desires to perform and discharge any duties which it may owe, but contends that it owes no duties or coverage under the EMCASCO-Marks policy because Leah Marks is not an "Insured" under that policy.

EMCASCO respectfully requests that this Court assume jurisdiction over this cause and determine all coverage issues as may exist under the terms and provisions of the EMCASCO-Marks policy.  EMCASCO prays that the Court will take the actions and declare as follows:

a.     That this Honorable Court take jurisdiction of this claim;

b.     That this Honorable Court order, adjudge and decree that this is a proper cause for an action of declaratory judgment and that there is a bona fide controversy between the parties; and

c.     That upon a final hearing of this case, this Honorable Court will declare that Leah Marks is not an "Insured" under the EMCASCO-Marks policy and EMCASCO is not required to pay underinsured motorist benefits in this matter.

d.     EMCASCO also requests such further and different relief as may be appropriate to accomplish justice and equity among the parties.

/s/ James A. Kee, Jr. ASB-4314-e68j
Jon M. Hughes ASB-9227-h68j
Attorneys for Plaintiffs EMC Property &
Casualty Company and EMCASCO
Insurance Company

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)


**PLAINTIFF HEREBY REQUESTS SERVICE UPON THE DEFENDANTS
VIA SPECIAL PROCESS SERVER:**

Barry Marks, As Father of Leah Marks, a Deceased Minor
Marks & Weinberg, P.C.
2001 Park Place North
Suite 525
Birmingham, Alabama  35203

Deborah W. Sims, As Mother of Leah Marks, a Deceased Minor
3500 Mountain Park Drive
Mountain Brook, Alabama  35213-4426

John Hamilton Perkins, IV
c/o Alabama Department of Corrections
Decatur Work Release
1401 Highway 20 West
Decatur, Alabama 35601